**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10050 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-00435-RCC-DTF-1 |
| v. | |
| JDT, JUVENILE MALE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted September 11, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

JDT, a juvenile, appeals from the district court's order revoking his

probation and imposing a custodial sentence.  He argues on substantive and

procedural grounds that he was denied due process in the revocation hearing and

subsequent imposition of his sentence.  We affirm.

The district court did not err in revoking JDT's probation for violating the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

two probation conditions (Special Conditions #15 and #16) that required him to participate in a sex-offender treatment program. JDT contends that it would have denied him due process to revoke his probation based simply on the fact that he was expelled from (and therefore unable to complete) his treatment program, without taking into account the validity of the reasons justifying his expulsion. But the record is clear that the revocation was not based on the mere fact of his expulsion alone. Rather, the evidence showed that JDT was expelled for violating the program's clearly explained rule against voluntarily engaging in sexual activity. That, in turn, provided a valid basis for revoking his probation.

Citing our decision in *United States v. Sesma-Hernandez*, 253 F.3d 403, 409 (9th Cir. 2001) (en banc), JDT asks us to find procedural error in the district court's failure to make an explicit finding that JDT voluntarily participated in the sexual activity. We see no basis for issuing such a ruling. The rule of *Sesma-Hernandez* exists to ensure that we can "conduct an informed review of the propriety of the revocation." *Id.* at 406. In this case, as in *Sesma-Hernandez*, "[w]e have no difficulty understanding the district court's decision and the basis for it." *Id.* at 409. We are confident that the district court's revocation decision was predicated on its conclusion that JDT's participation in at least a portion of the sexual activity was consensual.

That is so for two reasons. First, much of the testimony and argument at the

hearing focused on whether JDT participated voluntarily in sexual conduct. The district court's admission of an exhibit germane only to this dispute shows that the court understood it to be a critical question. Had the court determined the dispute to be entirely beside the point, there would have been no need for the court to admit the exhibit.

Second, "[t]rial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). We see nothing in the record to suggest that the district court believed it could revoke JDT's probation even if he had been coerced into engaging in the sexual activity at issue. Such a view would run directly counter to the settled principle that revocation must be predicated on conduct that the defendant chose to engage in notwithstanding having received clear notice that doing so would constitute a violation of the conditions imposed. *See United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018).

JDT argues that revocation could not be based on violation of Special Condition #16 because it was improperly imposed. But his argument does not extend to Special Condition #15, which also required him to participate in a residential treatment program. And to the extent JDT argues that Special Condition #15 required the "approval [or] discretion" of a probation officer for a

complete violation, the text of the condition is clear that, to the contrary, the probation officer's blessing would have been a *defense*. Because revocation was properly based at least on violation of Special Condition #15, we need not reach JDT's argument about Special Condition #11.

We also reject the argument that the district court's decision to impose a custodial sentence was based on unreliable evidence. Once JDT's probation was revoked, the district court permissibly concluded that a custodial sentence was the only viable option among the few choices available.

**AFFIRMED.**

*United States v. JDT*, No. 18-10050

WALLACE, Circuit Judge, concurring in the result:

I agree with the majority that this case should be affirmed, but write separately to explain my view that we need not speculate on what the district court must have determined.

JDT's appeal rests almost entirely on his argument that the district court could not revoke his probation for nonconsensual sexual acts. JDT argues that the district court denied him due process either by doing so or by failing to make a finding that he engaged in consensual sex on the record. As to the latter issue, the majority recognizes that the district court normally must explain why probation conditions were violated before revoking probation, but avoids this issue by explaining that it is "confident that the district court's revocation decision was predicated on its conclusion that JDT's participation in at least a portion of the sexual activity was consensual."

In my view, the consent issue urged on us by JDT and decided by the majority is unnecessary. While a different case may present the issue more squarely, this is not that case. In this case, JDT had notice that he had to remain in his treatment program (AMIkids). Once this private school decided to expel him, the district court had no power to require the school to accept his return. There was thus no due process violation from the district court's failure to place a consent

1

finding on the record because such a finding was immaterial to whether JDT violated his conditions of probation by not being a student in AMIkids, given that no alternative school was available despite the district court's and probation office's best efforts to locate one.

I would rest our decision on these grounds, rather than examining the record to determine what the district court must have concluded. For these reasons, I respectfully concur in the result only.